## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| WILLIAM L. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16CV00814 |
| | ) | |
| BB&T CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## BB&T CORPORATION'S MOTION TO DISMISS

Defendant BB&T Corporation ("BB&T"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Count II, Count III, and Plaintiff's request for declaratory judgement, for failure to state a claim upon which relief can be granted.  In support of its Motion, BB&T states as follows:

1.      The Complaint fails to allege facts to support the Plaintiff's request for monetary damages in Count II, Breach of Contract.  In Count II, the Plaintiff alleges that BB&T breached the Restricted Stock Award Agreements by forfeiting his unvested, restricted shares when he became employed by Fifth Third Bank.  Even if the allegations pled in Count II are proven, however, the Restricted Stock Award Agreements only entitle the Plaintiff to have his restricted stock award continue to vest according to the vesting schedule.  He would not be entitled to immediate vesting of his award or the monetary equivalent of unrestricted shares, nor does he allege such an entitlement.  Accordingly, an award of money damages for Count II would place the Plaintiff in a better position than he would have been had the alleged breach not occurred.  Because Count II seeks monetary damages for which the Plaintiff is not entitled under the

Restricted Stock Award Agreements, Count II fails to state a claim upon which relief can be granted, and it must be dismissed.

2. The Plaintiff has failed to state a claim for which declaratory judgment can be granted. The Plaintiff has not alleged facts which satisfy the constitutional "case or controversy" requirement. Accordingly, the Plaintiff's claim for declaratory judgment, including Count III of the Complaint, must be dismissed.

WHEREFORE, for the reasons stated herein and more fully explained in BB&T's accompanying Memorandum in Support, the Court should dismiss Count II, Count III, and Plaintiff's request for declaratory relief, from Plaintiff's Complaint.

Respectfully submitted this 11th day of November, 2016.

**BB&T CORPORATION**

By: _/s/ *Sean M. Golden*_____
             Counsel

Sean M. Golden, Esq. (VSB no. 76776)
Ashley G. Moss, Esq. (VSB no. 82448)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, Virginia 23218-1558
(804) 237-8800 Telephone
(804) 237-8801 Facsimile
sgolden@vanblacklaw.com
amoss@vanblacklaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court on November 11, 2016 using the CM/ECF system, which will send notification of such filing to the following:

> Blackwell N. Shelley, Jr., Esq.
> Tim Schulte, Esq.
> SHELLEY CUPP SCHULTE, P.C.
> 2020 Monument Ave., First Floor
> Richmond, Virginia 23220
> shelley@scs-work.com
> schulte@scs-work.com
> *Counsel for Plaintiff*

/s/Sean M. Golden

Sean M. Golden, Esq. (VSB no. 76776)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, Virginia 23218-1558
(804) 237-8800 Telephone
(804) 237-8801 Facsimile
sgolden@vanblacklaw.com
*Counsel for Defendant*

4826-2029-7788, v. 1