UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WILLIAM L. TYSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16CV00814 |
| ) | |
| BB&T CORPORATION, ) | |
| ) | |
|     Defendant. ) | |

**BB&T CORPORATION'S ANSWER TO THE COMPLAINT**

Defendant BB&T Corporation ("BB&T"), by its undersigned attorneys, and pursuant to the Scheduling Order (Document 15), states as follows for its Answer to the Complaint filed herein:

1. BB&T denies the allegations in Paragraph 1 of the Complaint.

2. BB&T lacks sufficient information to admit or deny the allegation in the first sentence of paragraph 2 of the Complaint. BB&T admits the allegations in the second sentence of paragraph 2.

3. Paragraph 3 of the Complaint alleges a legal conclusion, to which no response is required. Notwithstanding the foregoing, at this time BB&T does not contest that this Court has original jurisdiction over this matter. BB&T reserves the right to challenge jurisdiction should additional facts be obtained during discovery indicating that jurisdiction is lacking.

4. Paragraph 4 of the Complaint alleges a legal conclusion, to which no response is required. Notwithstanding the foregoing, BB&T does not contest personal jurisdiction or venue.

5. BB&T admits the allegations in the first and second sentences of paragraph 5 of the Complaint. BB&T further admits that Tyson was a Senior Manager of Capital Markets on

February 5, 2016, and that Tyson later worked for BB&T Scott & Stringfellow, a separate division of BB&T Securities.  All remaining or contrary allegations in Paragraph 5 are denied.

6. BB&T denies that Tyson was involuntarily terminated.  BB&T admits that it and Tyson entered into a Restricted Stock Award Agreement dated February 25, 2014 (the "2014 Agreement"), and a Restricted Stock Award Agreement dated February 24, 2015 (the "2015 Agreement").  The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements.  To the extent that the allegations in paragraph 6 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

7. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements.  To the extent that the allegations in paragraph 7 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

8. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements.  To the extent that the allegations in paragraph 8 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

9. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements.  To the extent that the allegations in paragraph 9 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

10. BB&T admits that on or about January 6, 2016, BB&T Securities presented Tyson with a written Separation Agreement and Full and Final Release of All Claims ("Separation Agreement"), and that the Separation Agreement was fully executed by all parties on January 25, 2016.  The Separation Agreement itself is the best source of its terms and requirements.  Notwithstanding the foregoing BB&T admits that the Separation Agreement provided that Tyson's employment with BB&T Securities would conclude on February 5, 2016.

BB&T further admits that in the Separation Agreement, Tyson agreed to return all BB&T confidential, proprietary, and trade secret information in his possession, to waive and release all claims related to his employment with BB&T Securities or the termination of that employment, and to not disparage BB&T Securities in the future. BB&T further admits that the Separation Agreement provided that, in exchange for Tyson's agreement to the terms set forth in the Separation Agreement, BB&T Securities would provide Tyson a lump sum payment. All remaining or contrary allegations in paragraph 10 are denied.

11. BB&T denies the allegations in paragraph 11 of the Complaint.

12. BB&T admits that Tyson and BB&T Securities executed an Amendment to Separation Agreement and Full and Final Release of All Claims, dated February 16, 2016, that amended the Separation Agreement to reflect that Tyson's employment with BB&T Securities would conclude effective February 26, 2016. All remaining or contrary allegations in paragraph 12 are denied.

13. BB&T admits that it and Tyson executed an Agreement to Void Separation Agreement and Full and Final Release of All Claims As Amended, dated February 25, 2016, by which BB&T Securities and Tyson agreed to void the Separation Agreement in its entirety. BB&T further admits that Tyson was employed by BB&T Scott and Stringfellow until May 1, 2016. All remaining or contrary allegations in paragraph 13 are denied.

14. BB&T admits that it vested the first and second portions of shares under the 2014 Agreement, and the first portion of shares under the 2015 Agreement. All remaining or contrary allegations in paragraph 14 are denied.

15. BB&T admits the allegations in paragraph 15 of the Complaint.

16. BB&T denies the allegations in paragraph 16 of the Complaint.

17. BB&T admits the allegations in the first sentence of paragraph 17 of the Complaint. BB&T denies the allegations in the second sentence of paragraph 17 of the Complaint.

18. BB&T admits the allegations in paragraph 18 of the Complaint.

19. BB&T denies the allegations in paragraph 19 of the Complaint.

20. BB&T incorporates the responses contained the previous paragraphs as if fully set forth herein.

21. BB&T denies the allegations in paragraph 21 of the Complaint.

22. BB&T admits the allegations in the first sentence of paragraph 22 of the Complaint. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements. To the extent that the allegations in the second sentence of paragraph 22 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

23. BB&T denies the allegations in paragraph 23 of the Complaint.

24. BB&T denies the allegations in paragraph 24 of the Complaint.

25. BB&T denies the allegations in paragraph 25 of the Complaint.

26. BB&T denies the allegations in paragraph 26 of the Complaint.

27. BB&T incorporates the responses contained the previous paragraphs as if fully set forth herein.

28. BB&T denies the allegations in paragraph 28 of the Complaint.

29. BB&T admits the allegations in the first sentence of paragraph 29 of the Complaint. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements. To the extent that the allegations in the second and third sentences

of paragraph 29 are inconsistent with the 2014 Agreement or the 2015 Agreement, they are denied.

30. BB&T admits the allegations in the first sentence of paragraph 30 of the Complaint. BB&T further admits that, after Tyson voluntarily terminated his employment with BB&T Scott & Stringfellow, he became employed by Fifth Third Bank. All remaining or contrary allegations in paragraph 30 are denied.

31. BB&T denies the allegations in paragraph 31 of the Complaint.

32. BB&T denies the allegations in paragraph 32 of the Complaint.

33. BB&T denies the allegations in paragraph 33 of the Complaint.

34. BB&T incorporates the responses contained the previous paragraphs as if fully set forth herein.

35. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements, and to the extent the allegations in paragraph 35 are inconsistent with the agreements, they are denied. BB&T admits that the language quoted in paragraph 35 of the Complaint is found in the 2014 Agreement and the 2015 Agreement.

36. The 2014 Agreement and the 2015 Agreement themselves are the best source of their terms and requirements, and to the extent the allegations in paragraph 36 are inconsistent with the agreements, they are denied. BB&T admits that the language quoted in paragraph 36 of the Complaint is found in the 2014 Agreement and the 2015 Agreement.

37. Paragraph 37 of the Complaint alleges legal conclusions, to which no response is required. To the extent a response is required, the allegations in paragraph 37 are denied.

38. Paragraph 38 of the Complaint alleges legal conclusions, to which no response is required. To the extent a response is required, the allegations in paragraph 38 are denied.

39. Paragraph 39 of the Complaint alleges legal conclusions, to which no response is required. To the extent a response is required, the allegations in paragraph 39 are denied.

40. Paragraph 40 of the Complaint alleges legal conclusions, to which no response is required. To the extent a response is required, the allegations in paragraph 40 are denied.

41. Paragraph 41 of the Complaint alleges a legal conclusion, to which no response is required. To the extent a response is required, the allegations in paragraph 41 are denied.

42. Paragraph 42 of the Complaint alleges a legal conclusion, to which no response is required. To the extent a response is required, the allegations in paragraph 42 are denied.

43. BB&T denies the allegations in paragraph 43 of the Complaint.

BB&T denies the allegations contained in Tyson's prayer for relief, and expressly denies that Tyson is legally entitled to any of the relief requested in the Complaint, or that it is liable to Tyson in any manner. BB&T denies all allegations in the Complaint not expressly admitted.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. BB&T denies that Tyson has been damaged in the amount and to the extent alleged in the Complaint.

2. Counts II and III of the Complaint fail to state a claim upon which relief can be granted.

3. Tyson has released the claims asserted in the Complaint.

4. Tyson has waived the claims asserted in the Complaint.

5. Tyson is estopped form asserting the claims asserted in the Complaint.

Respectfully submitted this 9th day of January, 2017.

**BB&T CORPORATION**

By: /s/ *Sean M. Golden*
           Counsel

Sean M. Golden, Esq. (VSB no. 76776)
Ashley G. Moss, Esq. (VSB no. 82448)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, Virginia 23218-1558
(804) 237-8800 Telephone
(804) 237-8801 Facsimile
sgolden@vanblacklaw.com
amoss@vanblacklaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court on January 9, 2017 using the CM/ECF system, which will send notification of such filing to the following:

>Blackwell N. Shelley, Jr., Esq.
>Tim Schulte, Esq.
>SHELLEY CUPP SCHULTE, P.C.
>2020 Monument Ave., First Floor
>Richmond, Virginia 23220
>shelley@scs-work.com
>schulte@scs-work.com
>*Counsel for Plaintiff*

>*/s/ Sean M. Golden*
>Sean M. Golden, Esq. (VSB no. 76776)
>VANDEVENTER BLACK LLP
>707 East Main Street, Suite 1700
>P.O. Box 1558
>Richmond, Virginia 23218-1558
>(804) 237-8800 Telephone
>(804) 237-8801 Facsimile
>sgolden@vanblacklaw.com
>*Counsel for Defendant*

4822-5897-9648, v. 1